# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK RIVERA, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> DANA METZGER, Warden, and ) <br> ATTORNEY GENERAL OF THE ) <br> STATE OF DELAWARE, ) <br> ) <br> Respondents.[1] ) | Civil Action No. 14-1217-GMS |

Mark Rivera. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

_____, 2017
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

Sleet, District Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Mark Rivera ("Rivera"). (D.I. 3) The State filed an answer in opposition. (D.I. 11) For the following reasons, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In December 2009, a Delaware Superior Court jury convicted Rivera of first degree murder for fatally beating and drowning the roommate of Rivera's ex-wife. *See Rivera v. State*, 7 A.3d 961, 963 (Del. 2010). The Superior Court sentenced Rivera to life imprisonment on February 17, 2010, and the Delaware Supreme Court affirmed his conviction and sentence on November 10, 2010. *Id.*

Rivera filed a *pro se* motion for correction of sentence pursuant to Delaware Superior Court Criminal Rule 35(a) ("Rule 35(a) motion") on July 21, 2011, which the Superior Court denied on August 15, 2011. *See Rivera v. State*, 70 A.3d 206 (Table), 2012 WL 6632924, at *1 (Del. Dec. 18, 2012). Rivera filed a second Rule 35(a) motion on March 30, 2012, which the Superior Court denied on June 7, 2012. *See Rivera*, 2012 WL 6632924, at *1. Rivera did not appeal either of the Superior Court's denials of his Rule 35(a) motions. (D.I. 13 at 249)

On June 1, 2012, River file a motion requesting the Superior Court to either conduct an evidentiary hearing or re-issue its August 15, 2011 order denying his first Rule 35(a) motion, claiming that he was not informed about the Superior Court's August 15, 2011 denial of his first Rule 35(a) motion until May 2012. The Superior Court denied the motion on July 5, 2012. *See Rivera*, 2012 WL 6632924, at *1. Rivera appealed, and the Delaware Supreme Court affirmed the Superior Court's July 5, 2012 decision on December 18, 2012. *Id.* at *2.

On July 13, 2012, Rivera filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on April 14, 2014, and the Delaware Supreme Court affirmed that decision on August 15, 2014. *See Rivera v. State*, 100 A.3d 1021 (Table), 2014 WL 4063009, at *1 (Del. Aug. 15, 2014).

Rivera filed the instant habeas petition in September 2014, asserting the following three ineffective assistance of counsel claims: (1) defense counsel represented Rivera while impaired from the use of prescription drugs; (2) defense counsel failed to request a missing evidence jury instruction for seized evidence that was not tested for potentially exculpatory material; and (3) defense counsel ineffectively cross-examined the medical examiner about his opinion that Pate's cause of death was drowning. The State filed an answer in opposition, alleging that the petition should be denied as time-barred or, alternatively, as procedurally barred. (D.I. 11)

## II. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Rivera's petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Rivera does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Rivera's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The ninety-day period for filing a petition for certiorari with the United States Supreme Court runs from the entry of the state court judgment, not from the issuance date of the state court's mandate. *See* Sup. Ct. R. 13(1) & (3).

In this case, the Delaware Supreme Court affirmed Rivera's conviction on November 10, 2010, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, his convictions became final on February 9, 2011. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005)(Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period). Applying the one-year limitations period to that date, Rivera had until February 9, 2012 to timely

3

file his petition. *See Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run).

Rivera did not file the instant § 2254 petition until September 14, 2014,[2] approximately three and one-half years after the expiration of AEDPA's statute of limitations. Therefore, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

**A. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).

Here, the limitations clock ran for 161 days until Rivera filed his first Rule 35(a) motion on July 21, 2011. That motion tolled the limitations period[3] through September 15, 2011, which includes that thirty days Rivera had to appeal the Superior Court's denial of the motion for sentence correction. The limitations clock started to run on September 16, 2011, and ran 196

---

[2]Pursuant to the prisoner mailbox rule, the court adopts as the filing date September 14, 2014, which is the date Rivera signed the petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

[3]*See Hartmann v. Carroll*, 492 F.3d 478, 481 (3d Cir. 2007)(explaining that a motion for correction of sentence filed under Delaware Superior Court Criminal Rule 35(a) statutorily tolls AEDPA's limitations period); *see also Wall v. Kholi*, 562 U.S. 545 (2011)(defining the term "collateral review" for the purposes of statutory tolling and rejecting bifurcated analysis for Rule 35 motions).

4

days until Rivera filed his second Rule 35(a) motion on March 30, 2012. On June 1, 2012, before the Superior Court denied the second Rule 35(a) motion on June 7, 2012, Rivera filed a motion for an evidentiary hearing/new issue date for the Superior Court's August 15, 2011 order denying his first Rule 35(a) motion. He also filed a Rule 61 motion on July 13, 2012. With overlap in the filing and pendency of these motions, all of the motions together tolled the limitations period from March 30, 2012 through August 16, 2014, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. The limitations clock started to run on August 15, 2014 and ran the remaining eight days in AEDPA's limitations period without interruption until it expired on August 25, 2014.[4] Hence, the instant petition must be dismissed as time-barred, unless equitable tolling applies.

## B. Equitable Tolling

In very rare circumstances, the one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

---

[4]AEDPA's limitations period actually expired on August 24, 2014, a Sunday. Therefore, the time to file a habeas petition extended through the end of day on Monday, August 25, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C).

5

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Jones,* 195 F.3d at 159; *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Rivera concedes that the petition is time-barred, but contends the limitations should be equitably tolled because he was not informed of the Superior Court's denial of his first Rule 35(a) motion until a year had passed. He also contends that he was incorrectly informed that a Rule 35(a) motion would toll the one-year deadline for filing a Rule 61 motion in the Superior Court. These reasons do not constitute extraordinary circumstances for equitable tolling purposes. To the extent Rivera alleges he was misinformed about the tolling effect of his state post-conviction motions, it is well-settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse his failure to file a timely habeas petition. *See Hendricks v. Johnson,* 62 F.Supp.3d 406, 411 (D. Del. 2014). Additionally, Rivera waited 163 days before he filed his first Rule 35(a) motion in the Superior Court, and he did not seek appellate review of the August 2011 order denying that motion by attributing his untimeliness of his appeal to court personnel error as advised by the Superior Court.[5] These actions and delay preclude Rivera from demonstrating that he exercised the requisite "due diligence" to warrant equitable tolling.

Accordingly, the court will dismiss the petition as time-barred.

---

[5]In its July 5, 2012 order denying Rivera's request for an evidentiary hearing, the Superior Court explained that, "[i]f Rivera wishes to pursue an appeal [of the August 15, 2011 order], arguing to the Supreme Court that he should be exempt from the time limitation [due to error by Court personnel], he may do so." *Rivera,* 2012 WL 6632924, at *1. Although Rivera filed a notice of appeal regarding the August 15, 2011 decision after receiving the Superior Court's July 5, 2012 order, he later amended that notice of appeal to indicate he was appealing the Superior Court's July 5, 2012 order, not the August 15, 2011 order. *Id.* at *1-2. As explained by the State, if Rivera had pursued an appeal of the August 15, 2011 order, there is the possibility that the pending appeal would have tolled the 197 day period from the August 15, 2011 order through the March 2012 filing of his second Rule 35(a) motion. (D.I. 11 at 10)

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Rivera's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the court will deny Rivera's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without an evidentiary hearing. An appropriate order will be entered.